IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL № 1:09-cv-

| | |
|---|---|
| THOMAS S. DARNALL, JR.,<br>    Plaintiff,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION,<br>CHARLES SCHWAB & CO., INC.,<br>and CHARLES SCHWAB INVESTMENT<br>MANAGEMENT, INC.,<br>    Defendants. | NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. § 1446, the Defendants, The Charles Schwab Corporation, Charles Schwab & Co., Inc., and Charles Schwab Investment Management, Inc. ["the Defendants"], by and through their undersigned counsel, file this Notice of Removal with full and express reservation of any and all rights and defenses, including but not limited to the Defendants' right to seek arbitration of the claims asserted in the Complaint and to seek a stay of the removed action pending completion of the arbitration. By this Notice of Removal, the undersigned shows unto the Court the following:

1. On or about September 10, 2009, the Plaintiff, Thomas S. Darnall, Jr., filed an action against the Defendants in the General Court of Justice, Superior Court Division, in Henderson County, North Carolina. The action was assigned file number 09 CvS 1703 and is pending in Henderson County Superior Court.

2. The Plaintiff effected service of the Summons and Complaint upon Defendant Charles Schwab & Co., Inc., by and through its registered agent, on September 16, 2009. Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Summons and Complaint served upon Defendant Charles Schwab & Co., Inc. is attached to this Notice as Exhibit A. To the knowledge of the undersigned, the Plaintiff has not effected valid service of the Summons and Complaint upon the other two Defendants.

3. The amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs. In particular, the Plaintiff claims, in the Complaint and in pre-suit communications, to have "lost more than $155,000.00" of the money he invested in an investment fund due to the Defendants' alleged fraud, constructive fraud, negligent misrepresentations, breach of fiduciary duty, and negligent account management. (Complaint ¶21.)

4. This action is between citizens of different states. Specifically, the Plaintiff was at the time of the commencement of this action, and is now, a citizen and resident of North Carolina. (Complaint ¶1.) Defendant Charles Schwab & Co., Inc. was at the time of commencement of this action, and is now, a corporation duly incorporated under the laws of the State of California, with its principal place of business in California. Defendant The Charles Schwab Corporation and Defendant Charles

Schwab Investment Management, Inc. were at the time of commencement of this action, and are now, corporations duly incorporated under the laws of the State of Delaware, with their principal places of business in California.

5. Pursuant to 28 U.S.C. § 1332(a), the United States District Court has jurisdiction over this action as there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

6. As required by 28 U.S.C. § 1446(b), the Defendants are filing this Notice within thirty (30) days after Defendant Charles Schwab & Company, Inc.'s receipt of the Summons and Complaint by service or otherwise. As noted, the other Defendants have not yet received service of process.

7. Promptly after the filing of this Notice of Removal, the undersigned shall serve a true and accurate copy of this Notice upon Plaintiff's attorney of record and shall file a true and accurate copy of this Notice with the Clerk of Superior Court for Henderson County, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants serve and file Notice of Removal of this action from the General Court of Justice, Superior Court Division of Henderson County, North Carolina, to the United States District Court for the Western District of North Carolina.

This the 16th day of October, 2009.

                s/Philip S. Anderson
                Philip S. Anderson
                NC State Bar #21323
                Attorney for Defendants
                Long, Parker, Warren, Anderson & Payne, P.A.
                P.O. Box 7216
                Asheville, NC 28802
                Telephone: 828-258-2296
                Facsimile: 828-253-1073
                Email: abp@longparker.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of this notice in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure, by placing the copy in the U.S. mail in a postpaid envelope properly addressed as follows:

Stephen J. Grabenstein
11 North Market Street
Asheville, NC 28801

THIS the 16th day of October, 2009.

                s/Philip S. Anderson
                Philip S. Anderson
                NC State Bar #21323
                Attorney for Defendants
                Long, Parker, Warren, Anderson & Payne, P.A.
                P.O. Box 7216
                Asheville, NC 28802
                Telephone: 828-258-2296
                Facsimile: 828-253-1073
                Email: abp@longparker.com

| | |
|---|---|
| **STATE OF NORTH CAROLINA** | File No. 09 CVS 1703 |
| HENDERSON County | In The General Court of Justice<br>☐ District  ☒ Superior Court Division |

| Name of Plaintiff | |
|---|---|
| THOMAS S. DARNALL, JR. | **CIVIL SUMMONS** |
| Address | |
| 11 N. Market Street | ☐ Alias and Pluries Summons |
| City, State, Zip | |
| Asheville, NC 28801 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name of Defendant(s) | Date Original Summons Issued |
| THE CHARLES SCHWAB CORPORATION, CHARLES SCHWAB & COMPANY, INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC. | Date(s) Subsequent Summon(es) Issued |

**To Each of The Defendant(s) Named Below:**

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| The Charles Schwab Corporation<br><br>by and through their registered agent:<br>CT Corporation System<br>150 Fayetteville, Street, Box 1011<br>Raleigh, NC 27601 | Charles Schwab & Company, Inc<br><br>by and through their registered agent:<br>CT Corporation System<br>150 Fayetteville, Street, Box 1011<br>Raleigh, NC 27601 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued 9-10-09 | Time 8:54 | ☒ AM  ☐ PM |
|---|---|---|---|
| Stephen J. Grabenstein<br>11 N. Market Street<br>Asheville, NC 28801 | Signature *Christina B. Hoodson* | | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

| ☐ ENDORSEMENT | Date of Endorsement | Time | ☐ AM  ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

**NOTE TO PARTIES:** Many Counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts                    (Over)

**EXHIBIT A**

STATE OF NORTH CAROLINA    FILED    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF HENDERSON    2009 SEP 10 AM 8: 54    09 CVS 1703

HENDERSON CO., C.S.C.

BY _____ clog

THOMAS S. DARNALL, JR.,

           Plaintiff,

v.                                 **COMPLAINT**

THE CHARLES SCHWAB
CORPORATION, CHARLES SCHWAB &
CO., INC., and CHARLES SCHWAB
INVESTMENT MANAGEMENT, INC.,

           Defendants.

       COMES NOW the Plaintiff, by and through the undersigned, and complaining of the actions of the Defendants, states as follows

       1.    The Plaintiff is a citizen and resident of Henderson County, North Carolina.

       2.    Defendant The Charles Schwab Corporation ("the Schwab Corp") is a corporation authorized to do business in the State of North Carolina and is the parent company of Charles Schwab & Co, Inc. ("Schwab") and Schwab Investments.

       3.    Defendant Charles Schwab & Co., Inc is a corporation authorized to do business in the State of North Carolina. Schwab was the principal underwriter for shares of the fund at issue in this complaint and is the agent for Schwab Investments for the purpose of the continuous offering of the shares of the fund discussed in this complaint.

       4.    Defendant Charles Schwab Investment Management, Inc. ("Schwab Management") is a corporation which conducts business in the State of North Carolina. Schwab Management is the investment advisor for the fund at issue in this complaint. Schwab Management received a fee for services it provided to the fund discussed in this complaint. Schwab Management is a wholly owned subsidiary of the Schwab Corp.

       5.    The Plaintiff maintained an IRA account at Schwab for more than ten years. In October of 2006, a Federal Home Loan note held in the Plaintiff's IRA account at Schwab matured. This note had a maturity of less than one year when the Plaintiff purchased it.

       6.    The Plaintiff discussed with Schwab's agents and employees on several occasions what would be an appropriate and suitable investment vehicle for the funds which had been

invested in the matured Federal Home Loan note. In these discussions, the Plaintiff emphasized to Schwab's agents and employees that he wanted to take a conservative approach to this money. The Plaintiff also discussed with Schwab's agents and employees his desire to keep a high percentage of the holdings in his IRA account in cash or cash equivalents.

7. Knowing of the Plaintiff's interest in a conservative investment and his interest in keeping a large percentage of his IRA portfolio in cash or cash equivalents, Schwab recommended to the Plaintiff that he invest the funds from the matured Federal Home Loan note in Schwab's YieldPlus Fund ("the Fund").

8. Schwab's agents and employees described the Schwab YieldPlus Fund to the Plaintiff as being comparable to a money market fund. Schwab's agents and employees and Schwab's marketing materials for the Fund described the Fund as a safe alternative to cash.

9. The Fund was marketed by Schwab as an alternative to money-market funds. Schwab's marketing of the Fund emphasized that the Fund had a higher yield than money-market funds and also stressed that the Fund offered both liquidity and security.

10. Through a variety of advertising mechanisms, Schwab described the Fund as providing higher yields on an investor's cash with only marginally higher risk, as designed to offer high current income with minimal changes in share price, as investing primarily in investment-grade bonds, as having the potential for higher yields than a money market fund, as investing in well-diversified portfolio of taxable bonds and as being managed by a team of bond portfolio managers supported by a team of credit and market analysts.

11. Having worked with Schwab's agents and employees for many years, a relationship of trust and confidence had been established between Schwab and the Plaintiff.

12. Based on the trust and confidence that the Plaintiff had placed in Schwab over more than 10 years of investing with Schwab and based on the information Schwab provided about the Fund, the Plaintiff accepted Schwab's recommendation on how to invest the money from the matured Federal Home Loan note in his IRA. Between March and April of 2007, the Plaintiff invested more than $600,000.00 in his IRA account in the YieldPlus Fund Select Shares.

13. The information which the Defendants' agents and employees provided about the Fund was not true and was misleading.

14. Contrary to the Defendants' marketing assertions, the Fund was not well diversified and was concentrated heavily in one market segment.

15. Contrary to the Defendants' marketing assertions, the Fund was not a safe, liquid investment as no primary market existed for the bonds held in the Fund. Contrary to what Schwab's agents and employees told the Plaintiff, the Fund in fact was not suitable for the conservative, cash management objectives which the Plaintiff had described to Schwab's agents and employees.

16. Contrary to the Defendants' marketing assertions that the duration of most bonds held in the Fund was one year, the duration of most of the bonds in the Fund was greater than two years.

17. Contrary to the Defendants' marketing assertions, the Funds' credit and market analysts did not have real expertise in valuing the mortgage backed securities they purchased or in assessing the risks associated with these products.

18. Contrary to what the Plaintiff had been told by Schwab's' agents and employees, the Fund in fact was not a conservative investment but was instead a very speculative and high risk investment.

19. Contrary to what the Plaintiff had been told by Schwab's agents and employees, the Fund was not the equivalent of cash in terms of either safety or liquidity. Indeed, the Defendants failed to disclose to the Plaintiff that he might not be able to sell the bonds held in the Fund.

20. Contrary to the Defendants' assertions that there would only be minimal changes in the Fund's share price, the Defendants began lowering the value of the Fund's share price throughout late 2007 and into 2008.

21. The Plaintiff sold his interest in the Fund in March of 2008. By the time that he sold his interest in the Fund, the Plaintiff had lost more than $155,000.00 of his original investment in the fund.

## COUNT ONE -- FRAUD

22. The Plaintiff reasserts and incorporates by reference the provisions of paragraphs one through twenty-one of his complaint.

23. The Defendants' representations about the Fund and statements to the Plaintiff about the Fund were false and Defendants knew they were false at the time they were made.

24. Defendants' false representations were made with the intent to mislead and deceive the Plaintiff and to induce the Plaintiff into purchasing shares of the Fund. The Plaintiff was in fact deceived by such conduct and in reliance on Defendants' false representations, Plaintiff invested more than $600,000.00 in the Fund.

25. As a direct and proximate result of the Defendants' fraud, Plaintiff has been damaged in an amount in excess of $10,000. Additionally, the Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000 as a result of the Defendants' fraud.

## COUNT TWO -- CONSTRUCTIVE FRAUD

26. The Plaintiff reasserts and incorporates by reference the provisions of paragraphs one through twenty-five of his complaint.

27. The Defendants were in a relationship of trust and confidence with the Plaintiff at all times relevant to this Complaint.

28. The relationship of trust and confidence between the Plaintiff and the Defendants led up to and included the purchase of shares in the Fund.

29. The Defendants took advantage of the relationship of trust and confidence with the Plaintiff in recommending and urging the Plaintiff to purchase shares of the Fund in his IRA.

30. Through their advertising and marketing of the Fund and through their statements about the Fund to the Plaintiff, the Defendants acted with conscious and intentional disregard and indifference to the Plaintiff's rights and interests as an investor and as a client of Schwab. The Defendants knew, or reasonably should have known, that the information they had provided about the Fund was false and/or misleading and that their representations to the Plaintiff about the Fund would result in harm to the Plaintiff if he invested in the Fund.

31. The Plaintiff has in fact been harmed as a result of the Defendants' taking advantage of the relationship of trust and confidence.

32. As a direct and proximate result of the Defendants' constructive fraud, Plaintiff has been damaged in excess of $10,000. Additionally, the Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000 as result of the Defendants' constructive fraud.

## COUNT THREE—NEGLIGENT MISREPRESENTATION

33. The Plaintiff reasserts and incorporates by reference the provisions of paragraphs one through thirty-three of her complaint.

34. In the alternative, the Plaintiff alleges that he was engaged in a series of business transactions with the Defendants in which he had a pecuniary interest.

35. In the course of these business dealings, the Defendants supplied false information to the Plaintiff for the Plaintiff's guidance in such transactions.

36. The Defendants provided false information to the Plaintiff without exercising reasonable care in obtaining or communicating such information.

37. In so doing, the Defendants acted with conscious and intentional disregard and indifference to the Plaintiff's rights and interests as an investor and as a client of Schwab. The Defendants knew or reasonably should have known that the information they provided to the Plaintiff which led to the purchase of shares in the Fund would result in harm to the Plaintiff.

38. Given the long history and relationship between the Plaintiff and the Defendants, the Plaintiff justifiably relied on the false information provided to him.

39. The Plaintiff has been harmed as a result of the Defendants' providing him with false information.

40. As a direct and proximate result of the Defendants' negligent misrepresentation, Plaintiff has been damaged in excess of $10,000. Additionally, the Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000 as a result of the Defendants' negligent misrepresentation.

## COUNT FOUR – BREACH OF FIDUCIARY DUTY

41. The Plaintiff reasserts and incorporates by reference the provisions of paragraphs one through forty of his complaint.

42. The Defendants were in a fiduciary relationship with the Plaintiff.

43. The events described earlier in this complaint which led up to the Plaintiff purchasing share of the Fund constitute a breach of the Defendants' fiduciary duties to the Plaintiff.

44. The Plaintiff has been harmed as a result of Defendants' breach of their fiduciary duty to the Plaintiff.

45. As a direct and proximate result of the Defendants' breach of their fiduciary duty to the Plaintiff, the Plaintiff has been damaged in excess of $10,000.

## COUNT FIVE -- NEGLIGENT MANAGEMENT OF ACCOUNT

46. The Plaintiff reasserts and incorporates by reference the provisions of paragraphs one through forty-five of his complaint.

47. The sequence of events described earlier in this Complaint resulted in the Plaintiff investing substantial amounts of money in the Fund when the Fund was not a suitable investment for the Plaintiff's IRA account.

48. As a result of the Defendants' actions as described earlier in the Complaint, the Plaintiff ended up with significant funds invested in an inappropriate investment vehicle in his IRA account.

49. In the alternative, the Plaintiff alleges that the Defendants breached the standard of prudent investment advisors, by among other things, misrepresenting the Fund as a safe, liquid investment that was suitable for the Plaintiff's needs in his IRA account, by failing to disclose that the Fund was in fact investing in complex financial instruments with significant risks and by

failing to disclose to the Plaintiff that the Fund might not be able to sell assets in the Fund thereby jeopardizing the liquidity of the Fund.

50. These actions and others by the Defendants constitute negligence on their part.

51. The Plaintiff has been harmed as a result of the Defendants' negligence in handling his IRA account.

52. As a direct and proximate result of the Defendants' negligence in handling his account, the Plaintiff has been damaged in excess of $10,000.

WHEREFORE, plaintiff prays the court for the following:

1. That he recover judgment against the Defendants in an amount in excess of $10,000 for his actual damages;

2. That he recover judgment against the Defendants in an amount in excess of $10,000 as punitive damages;

3. That he recover the costs and expenses incurred in this action, including attorneys fees, from the Defendants;

4. That this matter be tried before a jury; and

5. That he recover any further relief that the Court deems appropriate.

This the 8th day of September, 2009.

VAN WINKLE, BUCK, WALL, STARNES AND DAVIS, P.A.

BY: _____
Stephen J. Grabenstein
NC State Bar 18848
Attorney for Plaintiff
11 North Market Street
Post Office Box 7376
Asheville, North Carolina 28802
Telephone: 828.258-2991
Facsimile: 828.255-0255
