IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL № 1:09-cv-388

THOMAS S. DARNALL, JR.,          )
          Plaintiff,             )
                                 )
v.                               )
                                 )
THE CHARLES SCHWAB CORPORATION,  )
CHARLES SCHWAB & CO., INC.,      )
and CHARLES SCHWAB INVESTMENT    )
MANAGEMENT, INC.,                )
          Defendants.            )
_____ )

ANSWER

AS AN ANSWER to the Plaintiff's Complaint, Defendant
Charles Schwab & Co., Inc. ["Schwab"], Defendant The Charles
Schwab Corporation ["the Schwab Corporation"], and Defendant
Charles Schwab Investment Management, Inc. ["Schwab Management"]
respond as follows:

     1.   Admitted upon information and belief.

     2.   The Defendants admit that the Schwab Corporation is
the parent company of Schwab.  Except as expressly admitted, the
Defendants deny the allegations of paragraph #2.

     3.   The Defendants admit that Schwab is a California
corporation authorized to do business in North Carolina.  Except
as expressly admitted, the Defendants deny the allegations of
paragraph #3.

4. The Defendants admit that Schwab Management is an affiliate of Schwab. Except as expressly admitted, the Defendants deny the allegations of paragraph #4.

5. The Defendants admit that as of October 2006, the Plaintiff had maintained an IRA account with Schwab for more than ten years. Except as expressly admitted, the Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph #5 and, therefore, deny such allegations.

6-8. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs #6-#8 and, therefore, deny such allegations.

9-10. The Defendants admit that its marketing and advertising materials speak for themselves and incorporates such marketing and advertising materials by reference. Except as expressly admitted, the Defendants deny the allegations of paragraph #9-#10.

11-12. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs #11-#12 and, therefore, deny such allegations.

13-17. The Defendants admit that its marketing and advertising materials speak for themselves and incorporates such marketing and advertising materials by reference. Except as

2

expressly admitted, the Defendants deny the allegations of paragraphs #13-#17.

18-21.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs #18-#21 and, therefore, deny such allegations.

Count One - Fraud

22.  Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Defendants incorporate by reference their responses to paragraphs #1-#21 above, as if fully set forth and realleged.

23-25.    The Defendants deny the allegations of paragraphs #23-#25.

Count Two — Constructive Fraud

26.  Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Defendants incorporate by reference their responses to paragraphs #1-#25 above, as if fully set forth and realleged.

27-32.    The Defendants deny the allegations of paragraphs #27-#32.

Count Three — Negligent Misrepresentation

33.  Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Defendants incorporate by reference their

3

responses to paragraphs #1-#32 above, as if fully set forth and realleged.

34. The Defendants admit that Darnall maintained and engaged in transactions in a Schwab IRA Account. Except as expressly admitted, the Defendants deny the allegations of paragraph #34.

35-40. The Defendants deny the allegations of paragraphs #35-#40.

## Count Four — Breach of Fiduciary Duty

41. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Defendants incorporate by reference their responses to paragraphs #1-#40 above, as if fully set forth and realleged.

42-45. The Defendants deny the allegations of paragraphs #42-45.

## Count Five — Negligent Management of Account

46. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Defendants incorporate by reference their responses to paragraphs #1-#45 above, as if fully set forth and realleged.

47-52. The Defendants deny the allegations of paragraphs #47-#52.

AS A FURTHER ANSWER AND DEFENSE, the Defendants say and allege the following:

4

### First Affirmative Defense:  Arbitration Agreement

The Defendants plead the Plaintiff's arbitration agreement with Schwab in bar of the Plaintiff's prosecution of his claims in this action.

### Second Affirmative Defense:  IRA Account Agreement

The Defendants plead the terms of the Plaintiff's IRA Agreement with Schwab in bar of the Plaintiff's claims.

### Third Affirmative Defense:  Failure to Mitigate

The Defendants plead the Plaintiff's failure to mitigate damages in bar and/or reduction of the Plaintiff's claims.

### Fourth Affirmative Defense:  Intervening and Superseding Causes

The Defendants plead intervening and superseding causes in bar of the Plaintiff's claims.

### Fifth Affirmative Defense:
### Duty of Reasonable Inquiry and Investigation

The Defendants plead the Plaintiff's duty of reasonable inquiry and investigation in bar of the Plaintiff's claims.

### Sixth Affirmative Defense:  Contributory Negligence

The Defendants plead the Plaintiff's contributory negligence in bar of the Plaintiff's claims.

### Seventh Affirmative Defense:  Federal Preemption

The Defendants plead the doctrine of preemption in bar of the Plaintiff's claims.

<u>Eighth Affirmative Defense:  Statute of Limitations</u>

The Defendants plead applicable statutes of limitations and laches in bar of the Plaintiff's claims.

WHEREFORE, the Defendants pray the Court as follows:

1.   That the Court order arbitration of the Plaintiff's claims in accordance with the Plaintiff's arbitration agreement with Schwab and stay this action, as requested by separate motion contemporaneously filed;

2.   That the Plaintiff have and recover nothing of the Defendants and that the Plaintiff's Complaint be dismissed;

3.   That the costs of this action be taxed against the Plaintiff; and

4.   For such other and further relief as the Court may deem just and proper.

This the 9th day of November, 2009.

> s/Philip S. Anderson
> Philip S. Anderson
> NC State Bar #21323
> Attorney for Defendants
> Long, Parker, Warren, Anderson & Payne, P.A.
> P.O. Box 7216
> Asheville, NC 28802
> Telephone: 828-258-2296
> Facsimile: 828-253-1073
> Email: philip@longparker.com

6

<u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that I have this day served a copy of this Answer in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure, by ECF filing and by placing the copy in the U.S. mail in a postpaid envelope properly addressed as follows:

Stephen J. Grabenstein
11 North Market Street
Asheville, NC  28801

THIS the 9th day of November, 2009.

<u>s/Philip S. Anderson</u>
Philip S. Anderson
NC State Bar #21323
Attorney for Defendants
Long, Parker, Warren, Anderson & Payne, P.A.
P.O. Box 7216
Asheville, NC 28802
Telephone: 828-258-2296
Facsimile: 828-253-1073
Email: philip@longparker.com

7